IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

COKER DEAN BARKER,

Defendant.

Case No. 21-CR-175-JFH

FILED

APR 10 2023

BONNIE HACKLER
Clerk, U.S. District Court
By ______ Deputy Clerk

# JURY INSTRUCTIONS

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of the law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case. Finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

## PRESUMPTION OF INNOCENCE – BURDEN OF PROOF – REASONABLE DOUBT

The Government has the burden of proving the Defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving the Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the Defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the Defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

## EVIDENCE – DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations entered into by the parties.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard. You must comply with my instruction and completely ignore these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

## EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proven.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## IDENTIFICATION TESTIMONY

The Government must prove beyond a reasonable doubt that the offenses charged in this case were actually committed and that it was the Defendant who committed them. Thus, the identification of the Defendant as the person who committed the offenses charged is a necessary and important part of the Government's case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness. You should also consider at least the following questions:

Did the witness have the ability and an adequate opportunity to observe the person who committed the offenses charged? You should consider in this regard such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before.

Is the testimony about an identification made after the commission of the crimes the product of the witness' own recollection? In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which the Defendant was presented to the witness for identification and the length of time that elapsed between the crimes and the witness' subsequent identification.

If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of the Defendant as the person who committed the offenses charged, you must find the Defendant not guilty.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the Government has proven the guilt of the Defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witnesses' testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the Government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness' testimony differ from the testimony of other witnesses? When weighing any conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection - like failure of recollection - is not uncommon.

The Defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be

drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

You have heard the testimony of a number of witnesses. You have also heard that, before this trial, some of them may have made statements that may be different from their testimony here in court.

These earlier statements were brought to your attention only to help you decide how believable their testimony was. You cannot use these earlier statements as proof of anything else. You can only use them as one way of evaluating witnesses' testimony here in court.

## IMPEACHMENT BY PRIOR CONVICTION – WITNESS

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years. A prior conviction does not mean that a witness is not qualified to testify but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any prior felony conviction that was used to impeach a witness.

## INFORMANT

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he or she has with the Government, by his or her own interest in the outcome of the case, or by prejudice against a defendant.

You should not convict the Defendant based on the unsupported testimony of an informant unless you believe the unsupported testimony beyond a reasonable doubt.

## WITNESS' USE OF ADDICTIVE DRUGS

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

You must determine whether the testimony of any witness has been affected by the use of drugs or the need for drugs.

## VOLUNTARINESS OF STATEMENTS BY DEFENDANT

Evidence has been presented about statements attributed to the Defendant alleged to have been made after the commission of the crimes charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the Defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to any statement as you feel it deserves under all the circumstances. If you determine that a statement is unreliable or not credible, you may disregard the statement entirely.

## EXPERT WITNESSES

During the trial you heard the testimony of Dr. Lisa Barton, who expressed opinions concerning forensic pathology; Alan Salmon, who expressed opinions concerning forensic video analysis; Lt. Josh Dean, who expressed opinions concerning cell phone extractions; Barbara Wells, who expressed opinions concerning DNA analysis; and Shannon Prince, who expressed opinions concerning fingerprint analysis. In some cases, such as this one, specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

## ON OR ABOUT

You will note that the Indictment alleges that the charged offenses were committed on or about April 2, 2019. The Government must prove beyond a reasonable doubt that the Defendant committed these alleged crimes reasonably near the alleged date.

## PUNISHMENT

If you find the Defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

## INDICTMENT – CONSIDER ONLY CRIMES CHARGED

The Indictment in this case is the formal method of accusing the Defendant of an offense and placing the Defendant on trial. It is not evidence against the Defendant and does not create any inference of guilt. You will have a copy of the Indictment with you in the jury room.

The Defendant is on trial only for the crimes charged against him in the Indictment, not for any other acts, conduct or crimes.

The Defendant has pleaded not guilty to the charges. You are here to decide whether the Government has proven beyond a reasonable doubt that the Defendant is guilty of the crimes charged in the Indictment.

## CONSIDER COUNTS SEPARATELY

The Defendant has been charged with three (3) crimes, specified in the Indictment as Counts One through Three. The number of charges or counts is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each count, and to return a separate verdict for each one. For each count, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular count.

**FIRST DEGREE MURDER IN INDIAN COUNTRY**

The Defendant is charged in Count One of the Indictment with first degree murder in Indian country in violation of 18 U.S.C. §§ 1111(a), 1151, 1153, & 2.

This law makes it a crime to unlawfully kill a human being with malice aforethought. Every murder committed by any kind of willful, deliberate, malicious, and premeditated killing is murder in the first degree.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proven each of the following beyond a reasonable doubt:

**First:** The Defendant caused the death of Mickel Kelough also known as Michael Kelough;

**Second:** The Defendant killed Mickel Kelough with malice aforethought;

**Third:** The killing was premeditated;

**Fourth:** The Defendant was an Indian;

**Fifth:** The killing took place within Indian country in the Eastern District of Oklahoma within the territorial jurisdiction of the United States.

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the Defendant hated the person killed or felt ill will toward the victim at the time.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

A killing is "premeditated" when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

You should consider all the facts and circumstances preceding, surrounding, and following the killing, which tend to shed light upon the condition of the Defendant's mind, before and at the time of the killing.

The parties have stipulated that Defendant Coker Dean Barker is an Indian, has some degree of Indian blood, and is a member of a federally recognized Indian tribe.

The parties have further stipulated that all events pertaining to the killing of Mickel Kelough (also known as Michael Kelough) occurred within the Eastern District of Oklahoma. You are instructed that the Eastern District of Oklahoma is within Indian country within the territorial jurisdiction of the United States. If you find that the events occurred, this stipulation will satisfy the fifth element of this offense.

## LESSER INCLUDED OFFENSE – SECOND DEGREE MURDER IN INDIAN COUNTRY

If you unanimously find the Defendant not guilty of the offense charged (first degree murder), or if, after all reasonable efforts, you are unable to agree on a verdict as to that offense, then you must determine whether the Defendant is guilty or not guilty of a lesser included offense.

The difference between first degree murder and the lesser included offense of second degree murder is that, to convict the Defendant of second degree murder, the Government does not have to prove premeditation. This is an element of the greater offense, first degree murder, but not of the lesser included offense, second degree murder.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proven each of the following beyond a reasonable doubt:

**First:** The Defendant caused the death of Mickel Kelough also known as Michael Kelough;

**Second:** The Defendant killed Mickel Kelough with malice aforethought;

**Third:** The Defendant was an Indian;

**Fourth:** The killing took place within Indian country in the Eastern District of Oklahoma within the territorial jurisdiction of the United States.

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the Defendant hated the person killed or felt ill will toward the victim at the time.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

It is not necessary for the Government to prove that the Defendant acted with premeditated

intent to kill. Premeditation is typically associated with killing in cold blood and requires a period of time in which the accused deliberates or thinks the matter over before acting.

You should consider all the facts and circumstances preceding, surrounding, and following the killing, which tend to shed light upon the condition of the Defendant's mind, before and at the time of the killing.

The parties have stipulated that Defendant Coker Dean Barker is an Indian, has some degree of Indian blood, and is a member of a federally recognized Indian tribe.

The parties have further stipulated that all events pertaining to the killing of Mickel Kelough (also known as Michael Kelough) occurred within the Eastern District of Oklahoma. You are instructed that the Eastern District of Oklahoma is within Indian country within the territorial jurisdiction of the United States. If you find that the events occurred, this stipulation will satisfy the fourth element of this offense.

## AIDING AND ABETTING MURDER IN INDIAN COUNTRY

The Indictment charging the Defendant with murder in Indian country also charges a violation of 18 U.S.C. § 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the Defendant guilty of this crime, you must be convinced that the Government has proven each of the following beyond a reasonable doubt:

**First:** Every element of first degree murder in Indian country or second degree murder in Indian country was committed by someone other than the Defendant; and

**Second:** The Defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the Government must prove that the Defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help the other person.

The Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

## USE, CARRY, BRANDISH, AND DISCHARGE OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE

The Defendant is charged in Count Two of the Indictment with a violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (iii) & 2. This law makes it a federal crime to use, carry, brandish, or discharge a firearm during and in relation to any crime of violence for which a person may be prosecuted in a court of the United States.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proven each of the following beyond a reasonable doubt:

**First:** The Defendant committed the crime of first degree murder or second degree murder. You are instructed that each of these crimes is a crime of violence;

**Second:** The Defendant used, carried, brandished, or discharged a firearm;

**Third:** During and in relation to the commission of the crime of violence.

You have already been instructed as to first degree murder and second degree murder.

The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role, facilitated (i.e., made easier), or had the potential of facilitating the underlying crime.

A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime.

A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

A defendant "brandishes" a firearm when he uses or displays a firearm with an intent to intimidate another person.

In determining whether the Defendant knowingly used, carried, brandished, or discharged a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The Government must prove a direct connection between the Defendant's use or carrying of the firearm and the underlying crime but the crime need not be the sole reason the Defendant used or carried the firearm.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

## AIDING AND ABETTING USING/CARRYING A FIREARM DURING COMMISSION OF A CRIME OF VIOLENCE

For you to find the Defendant guilty of Count Two, it is not necessary for you to find that the Defendant personally committed the crime. You may also find him guilty if he intentionally helped someone else commit the crime.

To find the Defendant guilty of Count Two as an aider and abettor, you must be convinced that the Government has proven each of the following beyond a reasonable doubt:

**First:** Count Two was committed by someone other than the Defendant;

**Second:** The Defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the Government must prove that the Defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help the other person;

**Third:** The Defendant knew in advance of the crime of violence that the other person would use or carry a firearm during and in relation to that crime.

You are instructed that if the Defendant knew nothing of the firearm until it appeared at the scene of the crime of violence and had either (1) completed his acts of assistance, or (2) had not completed his acts of assistance but had no realistic opportunity to withdraw from the criminal enterprise, the advance knowledge element cannot be met.

## UNANIMITY OF THEORY

Your verdict must be unanimous. Count Two of the indictment accuses the Defendant of committing the following acts: using a firearm, carrying a firearm, brandishing a firearm, and discharging a firearm.

The Government does not have to prove all of these different acts for you to return a guilty verdict on Count Two.

But in order to return a guilty verdict, all twelve (12) of you must agree upon which of the listed acts, if any, the Defendant committed and that he committed at least one of the acts listed.

## CAUSING THE DEATH OF A PERSON IN THE COURSE OF A VIOLATION OF TITLE 18 U.S.C. § 924(C)

The Defendant is charged in Count Three of the Indictment with a violation of 18 U.S.C. § 924(j)(1). This law makes it a federal crime to cause the death of a person while using, carrying, brandishing, or discharging a firearm during and in relation to any crime of violence for which a person may be prosecuted in a court of the United States.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proven each of the following beyond a reasonable doubt:

**First:** The Defendant committed the crime of first degree murder or second degree murder. You are instructed that each of these crimes is a crime of violence;

**Second:** The Defendant caused the death of Mickel Kelough also known as Michael Kelough through the use of a firearm; and

**Third:** During and in relation to the commission of the crime of violence.

You have already been instructed as to first degree murder and second degree murder.

The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role, facilitated (i.e., made easier), or had the potential of facilitating the underlying crime.

A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime.

A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

In determining whether the Defendant knowingly used or carried a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including

the nature of the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The Government must prove a direct connection between the Defendant's use or carrying of the firearm and the underlying crime but the crime need not be the sole reason the Defendant used or carried the firearm.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

## AIDING AND ABETTING CAUSING THE DEATH OF A PERSON IN THE COURSE OF A VIOLATION OF TITLE 18 U.S.C. § 924(C)

For you to find the Defendant guilty of Count Three, it is not necessary for you to find that the Defendant personally committed the crime. You may also find him guilty if he intentionally helped someone else commit the crime.

To find the Defendant guilty of Count Three as an aider and abettor, you must be convinced that the Government has proven each of the following beyond a reasonable doubt:

**First:** Count Three was committed by someone other than the Defendant;

**Second:** The Defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the Government must prove that the Defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help the other person;

**Third:** The Defendant knew in advance of the crime of violence that the other person would use or carry a firearm during and in relation to that crime.

You are instructed that if the Defendant knew nothing of the firearm until it appeared at the scene of the crime of violence and had either (1) completed his acts of assistance, or (2) had not completed his acts of assistance but had no realistic opportunity to withdraw from the criminal enterprise, the advance knowledge element cannot be met.

## FLIGHT – CONSCIOUSNESS OF GUILT

You have heard testimony that after the alleged crimes were committed, the Defendant fled. If you believe that the Defendant fled the scene of the alleged crimes, then you may consider this conduct, along with all the other evidence, in deciding whether the Government has proven beyond a reasonable doubt that he committed the crimes charged. This conduct may indicate that he thought he was guilty of the crimes charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may flee the scene of an alleged crime for some other reason. Whether or not this evidence causes you to find that the Defendant was conscious of his guilt of the crimes charged, and whether that indicates that he committed the crimes charged, is entirely up to you as the sole judges of the facts.

## INVESTIGATIVE TECHNIQUES

You have heard testimony as to the manner in which the Government conducted its investigation in this case, including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used.

In attempting to prove its case, the Government is under no obligation to use all of the investigative methods that are available to it or to use any particular method. You may consider the manner in which the investigation was conducted for the purpose of evaluating the weight of the evidence produced by the Government and the credibility of the testimony of the law enforcement personnel involved in the investigation. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the Defendant's guilt.

## JURY RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations and not the statement of the Court or of counsel.

You are the sole judges of the evidence received in this case.

## DUTY TO DELIBERATE – VERDICT FORM

In a moment the bailiff will escort you to the designated jury deliberation room and provide each of you with a copy of the instructions that I have just read. Exhibits admitted into evidence will also be placed in the jury room for your review. Physical evidence was also admitted. It will not be placed in the jury room. If you believe you need to examine it, please send me a note.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the Government has proven the Defendant guilty beyond a reasonable doubt.

The Court has prepared a verdict form for your use. You will indicate if you, the jury, finds the Defendant not guilty or guilty of the counts charged. The foreperson will write the unanimous answer of the jury in the space provided, either not guilty or guilty. Please also follow the directions regarding special interrogatories. At the conclusion of your deliberations, the foreperson should date and sign the verdict form.

When the foreperson has completed the verdict form, you should send me a note that states "We have reached a verdict." The foreperson should maintain possession of the verdict form until I call you back into the courtroom and give you further instructions.

## COMMUNICATION WITH THE COURT

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

Dated this 10th day of April 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE